NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| SYED F. DAUD,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. **'21CV1091 W    AHG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES the Plaintiff, SYED F. DAUD ("Plaintiff"), by and through his undersigned counsel complaining of the Defendant, MIDLAND CREDIT MANAGEMENT, INC., ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et. seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and the RFDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. The Court has supplemental jurisdiction over Plaintiffs' RFDCPA claim pursuant to 28 U.S.C. §1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Midland Credit Management, Inc. houses its corporate office in the Southern District of California.

## PARTIES

6. SYED F. DAUD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") maintains its principal place of business at 350 Camino de la Reina, Suite 100, San Diego, California 92108.

9. Defendant "specialize[s] in servicing account that have fallen behind and have been charged off by the lender."[1]

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff applied for and was approved for a Best Buy credit card through Citibank.

12. Plaintiff used his Citibank credit card to purchase personal and household goods.

13. Due to unforeseen circumstances, Plaintiff fell behind on his payments in or around 2017.

---

[1] https://www.midlandcredit.com/who-is-mcm/

2

14. Once unpaid, the account was referred to Defendant for collection.

15. At the time the account was transferred to Defendant, the Citibank card has a balance of approximately $2,400 ("subject debt").

16. In or around April 2021, Plaintiff discovered that Defendant put a lien on his house.

17. After discussing the matter with the state court, Plaintiff was informed that Defendant had filed two separate cases against him for the same debt and that two liens were now on his property in error.

18. Plaintiff was never served in either lawsuit and was unaware that a judgment was entered against him.

19. In mid-May 2021, Plaintiff contacted Defendant to discuss the matter.

20. On May 25, 2021, Defendant accepted Plaintiff's payment of $2,589.34 as satisfaction of the debt.

21. Defendant stated that Plaintiff must pay immediately to effectuate the agreement.

22. Plaintiff agreed and paid the amount of $2,589.34 to satisfy the subject debt.

23. At that time, Defendant claimed to zero out Plaintiff's balance.

24. On June 8, 2021, Plaintiff checked his account with Defendant online.

25. Plaintiff was shocked to discover that Defendant still shows that he owes a balance of $584 on the subject debt.

26. Plaintiff suffered emotion distress believing that even though he was forced into making payment that same dame in the amount of $2,589.34 that he now is required to make additional payments.

27. Concerned with Defendant's deceptive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

### a. Violations of FDCPA §§ 1692e and 1692f

30. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect funds in excess of the settlement amount to which Plaintiff had agreed.

32. Specifically, Defendant changed Plaintiff's balance on the subject debt from $0 to $584 on June 8, 2021.

33. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

34. Defendant violated §1692e by falsely representing to Plaintiff that the subject debt was settled and his account was zeroed out and the egregiously changing his balance to $584 less than two weeks later.

35. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

WHEREFORE Plaintiff, SYED F. DAUD, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II -Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

36. Plaintiff restate and realleges all previous paragraphs as though fully set forth herein.

37. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

38. As pled above, Defendant violated 15 U.S.C. §§1692e and 1692ef; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, SYED F. DAUD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;
b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;
c.  Awarding Plaintiff costs and reasonable attorney's fees; and
d.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 11, 2021					Respectfully submitted,

							By: /s/ Nicholas M. Wajda
							Nicholas M. Wajda
							WAJDA LAW GROUP, APC
							6167 Bristol Parkway, Suite 200
							Culver City, California 90230
							Telephone: (310) 997-0471
							Facsimile: (866) 286-8433
							Email: nick@wajdalawgroup.com